**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

CASE NO. 23-CR-6

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | |
| **DEMARCO STURGEON** | **DEFENDANT** |

**DEFENDANT DEMARCO STURGEON'S MOTION TO DISMISS**

Defendant Demarco Sturgeon, through counsel, hereby respectfully moves the Court to dismiss all firearms-related charges in the Indictment pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). A memorandum in support of this motion and a proposed order follow.

Respectfully submitted,

**/s/ Edward L. Metzger III**
Edward L. Metzger III (KBA #94138)
OMEGA LAW PLLC
P.O. Box 559
Union, KY 41091
(859) 828-2140
Lee@nkylaw.net
*Counsel for Defendant, Demarco Sturgeon*

**CERTIFICATION**

This is to certify that a true and accurate copy of the foregoing has been served on **8/11/2023** by filing the same via the CM/ECF system. The undersigned has also emailed a copy to all counsel of record.

**/s/ Edward L. Metzger III**
Edward L. Metzger III

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CASE NO. 23-CR-6

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

DEMARCO STURGEON                                                      DEFENDANT

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Demarco Sturgeon, through counsel, for his Memorandum in Support of his Motion to Dismiss, hereby states as follows:

The Indictment contains several firearms-related counts, including:

- Count 1 – Straw purchasing of firearms in violation of 18 U.S.C. § 932(b)

- Count 2 – Conspiracy to transfer or dispose of firearms to another person while knowing or having reasonable cause to believe that possession of the firearm by the recipient would constitute a felony, in violation of 18 U.S.C. § 933(a)(3)

- Count 3 – Transfer or possession of a machine gun, in violation of 18 U.S.C. § 922(o)

- Count 5 – Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)

Mr. Sturgeon asks the Court to dismiss these charges, as the statutes violate the Second Amendment.

## DISCUSSION

The legal landscape changed last year with the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). According to the *Bruen* court, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2126. To justify a regulation that infringes upon an individual's Second Amendment rights, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* Only if the firearm regulation is consistent with this Nation's historical condition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961)).

To proceed with the charges against Mr. Sturgeon set forth in Counts 1, 2, 3, and 5 – all of which infringe upon his Second Amendment rights to keep and bear arms – the government must show that *each* statute under which Mr. Sturgeon has been charged "is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126.[1] Assuming it cannot, each of these charges must be dismissed, as the statutes are unconstitutional.

---

[1] The constitutionality of these statutes appears to be an issue of first impression within this Circuit.

Respectfully submitted,

**/s/ Edward L. Metzger III**
Edward L. Metzger III (KBA #94138)
OMEGA LAW PLLC
P.O. Box 559
Union, KY 41091
(859) 828-2140
Lee@nkylaw.net
*Counsel for Defendant,*
*Demarco Sturgeon*