**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL CASE NO. 23-6-DLB-CJS-1**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                     **MEMORANDUM OPINION AND ORDER**

**DEMARCO STURGEON**                                            **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon Defendant Demarco Sturgeon's Motion to Dismiss. (Doc. # 59). The United States has filed a Response in Opposition. (Doc. # 61). Sturgeon did not file a reply, and the time period for doing so has expired. *See* LCrR 47.1(d). For the reasons set forth herein, the Motion to Dismiss (Doc. # 59) will be **denied**.

**I.**       **FACTUAL AND PROCEDURAL BACKGROUND**

On February 16, 2023, Defendant Sturgeon was indicted on one count of purchasing firearms for another person with knowledge that the others intended to possess the firearms in furtherance of a felony or drug trafficking crime in violation of 18 U.S.C. § 932(b), one count of conspiracy to transfer firearms to others with knowledge that the possession of the firearms by others would be a felony in violation of 18 U.S.C. § 933(a)(3), one count of possession and transfer of a machinegun in violation of 18 U.S.C. § 922(o), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. # 14).

1

On August 11, 2023, Sturgeon[1] moved to dismiss each charge in the Indictment, arguing in a one-page memorandum that the charges are unconstitutional in light of the Supreme Court decision in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and that the United States must meet the requirements imposed by *Bruen* to proceed with his prosecution. (Doc. # 59 at 3). The United States filed a Response, arguing that *Bruen* did not disturb the constitutionality of these firearms statutes and that even under the new *Bruen* test, the statutes are consistent with the Nation's historical tradition of firearm regulation. (Doc. # 61). Sturgeon did not file a reply. The Court will consider the arguments herein.

**II.     ANALYSIS**

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010) that the Second Amendment guarantees "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 142 S. Ct. at 2122. In June 2022, the Supreme Court decided *Bruen* and determined that the Second Amendment also protects "an individual's right to carry a handgun for self-defense outside the home." *Id.* The Supreme Court established a new, two-step approach to assess the constitutionality of a law that restricts the right to bear arms. *Id.* at 2129-30. First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively

---

[1]     Sturgeon is a co-defendant in another case in this district, *United States v. Smith, et al.*, 2:23-cr-28-DLB-CJS (E.D. Ky. 2023). He has filed a similar motion in that case. *See id.*, ECF No. 40.

2

protects that conduct." *Id.* Second, when a regulation burdens such conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

Although the issue in *Bruen* was whether a New York licensing regime requiring a showing of "proper cause" for handgun carrying permits was constitutional, criminal defendants across the country have flooded the lower courts with motions to dismiss, arguing that *Bruen* has called into question various criminal statutes related to the possession of firearms. However, *Bruen* repeatedly described the Second Amendment's application to "law-abiding" citizens. *See id.* at 2122, 2131, 2133-34, 2138, 2150, 2156. *Bruen* also affirmed *Heller* and *McDonald*, noting that these cases "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding citizen* to possess a handgun in the home for self-defense . . . consistent with *Heller* and *McDonald*." *Id.* at 2122 (emphasis added). Thus, by explicitly affirming the holdings in *Heller* and *McDonald*, *Bruen* did not invalidate the firearms statutes that Sturgeon has been charged with violating. *See Bruen*, 142 S. Ct. at 2122; *id.* at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may *lawfully possess* a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("as *Heller* and *McDonald* established and the Court today again explains . . . . Properly interpreted, the Second Amendment allows a 'variety' of gun regulations.") (quoting *Heller*, 554 U.S. at 636).

Sturgeon generally challenges his charges under §§ 932(b), 933(a), 922(o), and 924(c)(1)(A)(i), arguing in a one-page memorandum that the charges infringe on his Second Amendment right to bear arms, and that the United States must meet its burden to demonstrate that the offenses are consistent with the Nation's historical tradition of firearms regulation. (Doc. # 59 at 3). Evaluating each charge separately, Sturgeon's Motion fails at the first step of the *Bruen* analysis–the firearms statutes that he is charged with regulate conduct outside of the plain text of the Second Amendment. *See Bruen*, 142 S. Ct. at 2129-30.

1. **Count 1 and 2 – 18 U.S.C. §§ 932(b) and 933(a)**

Sturgeon is charged with two "straw purchasing" statutes: purchasing firearms for another person with knowledge that the others intended to possess the firearms in furtherance of a felony or drug trafficking crime in violation of § 932(b), and conspiracy to transfer firearms to others with knowledge that the possession of the firearms by others would be a felony, in violation of § 933(a). (Doc. # 14). The United States notes that because these statutes are relatively new, little case law exists addressing their constitutionality. (Doc. # 61 at 13). The United States analogizes these statutes to existing statutes related to the unlicensed trafficking of firearms, making false statements in connection with a firearms transaction, transfer to a disqualified person, and unlicensed dealing in firearms. (*Id.*) (quoting 18 U.S.C. § 922(a)(1)(A), (a)(6), (d)(1) and 18 U.S.C. § 923(a)). The United States notes that the Supreme Court rejected a challenge to a statute barring the straw purchasing of firearms in *Abramski v. United States*, and it argues that *Bruen* did not disturb that holding. (*Id.* at 16) (quoting *Abramski v. United States*, 573 U.S. 169, 172 (2014)). The United States also points to *United States v. Bacon*, where

the Sixth Circuit held there was no "historical indication that the Second Amendment encompasses such sales and that all relevant cases support the opposite conclusion." (*Id.* at 15) (quoting *United States v. Bacon*, 884 F.3d 605, 611 (6th Cir. 2018)).

The Court agrees with the United States that the Second Amendment does not protect a right to purchase or transfer firearms for another person. *Bruen* repeatedly stated that the Second Amendment protects a "right to possession of a handgun for self-defense . . . consistent with *Heller* and *McDonald*." *Bruen*, 142 S. Ct. at 2122. Though the Sixth Circuit has not had an opportunity to rule on the constitutionality of §§ 932(b) and 933(a), the Court finds it persuasive that the Sixth Circuit has previously held that the straw purchase of firearms is outside of the conduct protected by the Second Amendment. *See Bacon*, 884 F.3d at 611 (quoting *Heller*, 554 U.S. at 626-27) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . or laws imposing conditions and qualifications on the commercial sale of arms.").

Additionally, courts outside of the Sixth Circuit have held that *Bruen* does not affect statutes prohibiting the straw purchasing of firearms. In *United States v. Valentine*, the Northern District of Indiana held that "[n]othing about serving as a straw purchaser implicates the purchaser's Second Amendment rights as they are not the ultimate possessor of the firearm." No. 2:20-CR-117 JD, 2023 WL 2571720, at *8 (N.D. Ind. Mar. 20, 2023). The court reasoned that "[t]o the extent a straw buyer possesses a firearm, he does not possess it for the purposes of self-defense as protected by the Second Amendment, he possesses it for the purpose of transfer to another." *Id.*

Like the defendant in *Valentine*, Sturgeon is charged with the straw purchase of firearms for persons that he knew were going to use the firearms to commit a felony or drug trafficking crime, or that the possession of those firearms would be a felony. (Doc. #14). Nowhere in his motion does Sturgeon assert that these weapons were intended for self-defense. Instead, he simply argues that *Bruen* requires the United States to show that the statutes are consistent with the Nation's historical tradition of firearms regulation. (Doc. # 59 at 3). As noted above, the United States does not need to make this showing with respect to Counts 1 and 2 because the straw purchase of firearms is conduct outside of the scope of the Second Amendment, meaning the *Bruen* analysis ends at the first step. *See Bruen*, 142 S. Ct. at 2129-30. For these reasons, Sturgeon's Motion to Dismiss his charges under § 932(b) and § 933(a) will be **denied**.

2. **Count 3 – 18 U.S.C. § 922(o)**

The possession and transfer of a machine gun is not an "ordinary self-defense need," as noted by the Supreme Court in *Heller*. 554 U.S. at 625 ("The Second Amendment does not protect those weapons not typically used by law-abiding citizens for lawful purposes . . . .") (referencing *Miller*, 307 U.S. at 174). Following *Heller*, the Sixth Circuit explicitly stated that the Second Amendment does not authorize the unlicensed possession of an unregistered machine gun for personal use. *See Hamblen v. United States*, 591 F.3d 471, 474 (6th Cir. 2009). Nothing in *Bruen* can be reasonably read to call this holding into question. Additionally, while no district court in the Sixth Circuit has had an opportunity to opine on the constitutionality of § 922(o), no other district courts have accepted a post-*Bruen* challenge to § 922(o). *See United States v. Lane*, No. 3:23cr62 (RCY), 2023 WL 5663084 (E.D. Va. Aug. 31, 2023) (collecting cases). Because

this statute regulates conduct outside of the scope of the Second Amendment, it is not necessary for the Court to engage in an analysis of whether the statutes are consistent with the Nation's historical tradition of firearms regulation. *See Bruen*, 142 S. Ct. at 2129-30. The *Bruen* analysis ends at the first step and Sturgeon's Motion to Dismiss the charge under § 922(o) will be **denied**.

        3.        Count 5 – 18 U.S.C. § 924(c)(1)(A)(i)

Finally, Sturgeon challenges his charge under § 924(c). (Doc. # 59). The Second Amendment does not protect a right to possess a firearm in furtherance of drug trafficking. See *United States v. Burgess*, No. 22-1110, 2023 WL 179886, at *5 (6th Cir. Jan. 13, 2023). Following *Bruen,* the Sixth Circuit explicitly held that *Bruen* did not affect a conviction under § 924(c) in *United States v. Burgess*. 2023 WL 179886, at *5. Therein, one of the defendants was convicted under § 924(c) and claimed that post-*Bruen*, his conviction violated the Second Amendment. *Id.* at *1, 4. In rejecting his challenge, the Court relied on *United States v. Greeno*, a Sixth Circuit case from 2012. *Id.* (quoting 679 F.3d 510 (6th Cir. 2012)). The Circuit reasoned that though *Bruen* invalidated the means-end scrutiny portion of *Greeno*'s analysis, *Bruen* left in place the first portion: whether "the government can prove that the regulated conduct falls beyond the Amendment's original scope." *Burgess*, 2023 WL 179886, at *5 (quoting *Bruen*, 142 S. Ct. at 2126). The Circuit concluded that *Bruen* would not affect the defendant's conviction under § 924(c) because the defendant had admitted to possession of firearms in furtherance of drug trafficking, which is conduct outside of the scope of the Second Amendment. *Burgess*, 2023 WL 179886, at *5 (citing *Greeno,* 679 F.3d at 520) (holding the Second Amendment "did not extend to possession of weapons for unlawful purposes.")).

The same is true here. Sturgeon was indicted for possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A)(i). (Doc. # 14). As noted in *Bruen*, the Second Amendment does not protect "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purposes." *Bruen*, 142 S. Ct. 2128 (quoting *Heller*, 554 U.S. at 626). The Sixth Circuit has specifically held that despite the new test in *Bruen*, convictions under § 924(c) are valid because possession of a firearm in furtherance of drug trafficking crimes is not conduct covered by the Second Amendment. *See Burgess*, 2023 WL 179886, at *5. Sturgeon provides no authority asserting otherwise. Thus, Sturgeon's Motion to Dismiss his charge under § 924(c) is **denied**.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   Sturgeon's Motion to Dismiss (Docs. # 59) is **DENIED**; and

(2)   This matter is set for a **Scheduling Conference** on **Monday, November 6, 2023 at 8:00 a.m. in Covington, Kentucky,** to discuss rescheduling the trial date in this matter.

This 20th day of October, 2023.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2023\23-6 Order Denying MTD.docx